UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION COVINGTON

CRIMINAL ACTION NO. 2:14-cr-00056-DLB-EBA

UNITED STATES OF AMERICA,                                    PLAINTIFF/RESPONDENT,

V.           **REPORT AND RECOMMENDATION**

DIRALE ELLIS,                                                    DEFENDANT/PETITIONER.

*** *** *** ***

This matter is before the undersigned on Defendant's Motion to Vacate under 28 U.S.C. § 2255. [R. 45]. The United States filed a response [R. 52] and this matter is now ripe for review.

I. INTRODUCTION

The Defendant was charged with five counts of distributing heroin. [R. 1]. According to his attorney, he reviewed several different plea proposals before deciding on the one ultimately accepted. [R. 52-1]. The Defendant reviewed the plea agreement and signed it on February 25, 2015, pleading guilty to Count 1 of the indictment. [R. 32 at 77]. Defendant was sentenced to a term of 120 months followed by a ten year term of supervised release. [R. 34]. Subsequent to the dismissal of his appeal, [R. 41], Defendant filed the instant Motion to Vacate under 28 U.S.C. § 2255 [R. 45].

In his motion, Defendant asserts claims for (1) ineffective assistance of counsel and (2) judicial abuse of discretion. [R. 45-2]. Consistent with local practice, this matter was referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court must initially examine the § 2255 motion and any attached exhibits and the record, and "[i]f it plainly

appears . . . that the party is not entitled to relief," the Court must dismiss the motion.  Id.  Having found that Defendant's claims are without merit, the undersigned recommends that Defendant's Motion to Vacate under 28 U.S.C. § 2255 be DENIED.

## II. APPLICABLE LAW

Generally, a prisoner has a statutory right to collaterally attack his conviction or sentence. Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) ("[B]oth the right to appeal and the right to seek post-conviction relief are statutory rights . . . .").  To be entitled to habeas relief under his 28 U.S.C. § 2255 claims, Defendant must generally show that, *inter alia*, "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).  More specifically, for his § 2255 motion to prevail, Defendant must show that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid.  Mallett v. United States, 334 F.3d 491, 496–97 (6th Cir. 2003).

If the Defendant alleges a constitutional error, he must establish by a preponderance of the evidence, Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006), that the error "had a substantial and injurious effect or influence on the proceedings." Watson, 165 F.3d at 488 (citing Brecht v. Abrahamson, 507 U.S. 619, 637–38 (1993)).  If the movant alleges a non-constitutional error, he "must establish a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Id. (internal quotation marks omitted).

To succeed on an ineffective assistance claim, a Defendant must prove both deficient performance and resulting prejudice.  Strickland v. Washington, 466 U.S. 668, 687 (1994).  First,

2

to prove deficient performance, Defendant must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 687–88. In applying this test, reviewing courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance . . . ." Id. And the defendant must rebut this presumption by proving, not merely alleging, that his attorney's representation was unreasonable under prevailing professional norms and that the challenged course of action was not sound strategy. Id. at 688–689. Second, Defendant must establish prejudice by showing there is a reasonable probability that, but for counsel's unprofessional errors, the result of his proceeding would have been different. Id. at 694–95. Significantly, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the [deficient performance/prejudice] inquiry 'if the Defendant makes an insufficient showing on one.'" Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004) (quoting Strickland, 466 U.S. at 697).

The Strickland v. Washington test for evaluating claims of ineffective assistance of counsel applies to guilty plea challenges based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, (1985). While the performance prong of the Strickland test remains the same, to establish prejudice, the Defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Griffin v. United States, 330 F.3d 733, 737 (6th Cir. 2003); Ohara v. Wiggington, 24 F.3d 823, 828 (6th Cir. 1994); Warner v. United States, 975 F.2d 1207, 1214 (6th Cir. 1992).

Lastly, where a Defendant is proceeding *pro se*, his motions are held to a less stringent standard than those drafted by legal counsel. See, e.g., Cruz v. Beto, 405 U.S. 319 (1972). Defendant's *pro se* pleadings are entitled to a liberal construction that includes all reasonable

inferences that can be drawn from them. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "leniency standard" has still required basic pleading standards, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004) (citing Erwin v. Edwards, 22 Fed. Appx. 579, 580 (6th Cir. 2001) (dismissed § 1983 suit brought as a § 2254 petition)). Lastly, no evidentiary hearing is required if the record "conclusively shows" that the Defendant's allegations "cannot be accepted as true because they are contradicted by the record." Pola v. United States, 778 F.3d 525, 532–33 (6th Cir. 2015); Arrendondo v. United States, 178 F. 3d 778, 782 (6th Cir. 1999).

## III. ANALYSIS

Upon review of the record, Defendant is plainly not entitled to relief and his § 2255 motion to vacate should be denied.

### A. Defendant has Failed to Show That Counsel was Ineffective

Defendant claims that his counsel was ineffective because of counsel's "failure to prepare for trial and pressuring [Defendant] into believing a guilty plea was his only option in lieu of going to trial." Defendant's claims about being hurried into a guilty plea are unsupported by facts or coherent arguments. At bottom, the Defendant's claim is that counsel was ineffective for failing to object to immediate sentencing and failing to make certain arguments in favor of a lesser sentence. But the record wholly refutes Defendant's position.

First, the Defendant's plea was voluntary and knowing. And even now in his motion to vacate, Defendant makes no claim of innocence and offers no legitimate challenge to the voluntary and knowing nature of his guilty plea. Defendant's statements in the plea agreement and sworn

4

testimony offered during the rearraignment belie any contention that his plea was not voluntary and knowing.

Indeed, the Defendant's attorney carefully reviewed the evidence, the charges, the plea offer, and the various options available to the Defendant. [R. 52-1]. Moreover, counsel prepared to try the case when prior offers were rejected and ensured that Defendant was aware of the issues in the case, the applicable sentencing guidelines, and the advantages offered by the binding plea agreement that was ultimately accepted. [Id.]. The Defendant acknowledged the same under oath. [R. 51: Transcript at 185–186].

What is more, the Defendant signed the plea agreement two days before he entered his guilty plea. [R. 32]. Defendant had a sufficient period of time to reflect on it before entering the plea. The evidence of record, including Defendant's plea, established that he was guilty of the charged offenses and that he qualified as a career offender. [R. 32; R. 51: Transcript at 185, 189, 195–197]. During the plea colloquy, Defendant assured the Court that he had completely discussed the case with his attorney [R. 51: Transcript at 183–185] and he specifically verified that he was satisfied with the agreement and that it was his desire to plead guilty. Id. at 177–178, 186, 196. Finally, the Defendant indicated his satisfaction with his attorney and that his attorney had done everything requested. Id. at 185–186.

A Defendant's statements at the plea colloquy carry a strong presumption of veracity, Blackledge v. Allison, 431 U.S. 63, 74 (1977), and when a Defendant expressly represents that his plea is voluntary in open court, he ordinarily may not repudiate his statements. United States v. Todaro, 982 F.2d 1025, 1030 (6th Cir. 1993) (quoting Fontaine v. United States, 411 U.S. 213, 215 (1973)). Only in exceptional circumstances can an express, in-court statement regarding the voluntary nature of pleas be retracted. Delvin v. United States, 440 F.2d 671, 672 (6th Cir. 1971).

Here, no exceptional circumstances have been offered by the Defendant and accordingly, the Defendant has failed to overcome the presumption that his guilty plea was voluntary and knowing.

Lastly, the Defendant complains about the immediate sentencing in his case. But the Defendant was repeatedly asked if he wanted to proceed directly to sentencing and never expressed an objection. [R. 51: Transcript at 180–181, 199–200]. In addition to agreeing to proceed with immediate sentencing, the Defendant has failed to offer any factual or legal reason to suggest that a delay in sentencing would have resulted in a sentence different than the one imposed pursuant to the binding plea agreement.

Petitioner alleges ineffective assistance but has failed to offer proof sufficient to rebut the strong presumption in favor of finding that counsel was reasonably competent. This failure to prove the performance prong of Strickland is fatal to Petitioner's claim. Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004) (citing Strickland, 466 U.S. at 697). For these reasons, Defendant is not entitled to relief.

### B. Defendant's Claims Regarding Judicial Abuse are Barred by the Waiver in the Plea Agreement and the Failure to Offer Factual Support and Even if Heard, Such Claims Fail on the Merits

As noted above, the record shows that the Defendant entered a voluntary and intelligent plea of guilty. In that guilty plea he waived the right to appeal and to bring collateral attacks against the guilty plea, conviction, and sentence. [R. 32; R. 51: Transcript at 189–191]. This waiver was explicitly explained to and accepted by the Defendant. [R. 51: Transcript at 189–191]. The only exception provided for in the waiver was for claims of ineffective assistance of counsel. [R. 32].

It is uncontroversial that a defendant may waive any right in a plea agreement, even a constitutional right, if that waiver was made knowingly and voluntarily. See United States v.

6

Calderon, 388 F.3d 197, 199 (6th Cir. 2004).  A defendant "may waive constitutional or statutory rights then in existence as well as those that courts may recognize in the future." United States v. Bradley, 400 F.3d 459, 463 (6th Cir. 2005).  Importantly, a defendant may waive the right to bring a collateral attack under § 2255. See United States v. Fleming, 239 F.3d 761, 762–64 (6th Cir. 2001).   Such waivers are generally enforceable and have been upheld even when the defendant alleges ineffective assistance of counsel at sentencing following the entry of a guilty plea. See Davila v. United States, 471 F.3d 686, 697–98 (6th Cir. 2006) (holding that when a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he is precluded from brining an ineffective assistance of counsel claim).

There are various other instances where the Sixth Circuit has upheld collateral attack waivers when the § 2255 motion fails to articulate a basis for attacking the validity of a guilty plea or waiver.  See, e.g., Short v. United States, 471 F.3d 686, 697-98 (6th Cir. 2006) (finding that movant's arguments, other than ineffective assistance and jurisdictional arguments, had been waived in the plea agreement); Davila, 258 F.3d at 451 (holding that defendant waived right to bring § 2255 petition based on ineffective assistance of counsel not relating to the plea agreement). Only a challenge to the validity of a guilty plea, which the Defendant does not raise, survives. See, e.g., In re Acosta, 480 F.3d 421, 422 (6th Cir. 2007) ("[I]t would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself.").  Accordingly, the waiver should be enforced and all claims except for ineffective assistance of counsel must be summarily rejected.

But even if the Court heard Defendant's claims, they would fail for lack support.  It is the petitioner's burden to set forth adequate facts to establish that he is entitled to relief and failure to

7

do so is fatal. See, e.g., LeCroy v. United States, 739 F.3d 1297, 1321 (11th Cir. 2014) ("the burden of proof . . . on a § 2255 petition belongs to the petitioner."). The Court is unable to discern any factual support for the various conclusory statements offered by Defendant. As noted above and as amply reflected in the transcript, the District Court Judge was very thorough and provided the defendant with all information necessary to apprise him of his rights and consequences with respect to submitting a plea of guilty. The Defendant had ample opportunity to review the plea prior to submitting it. There is simply no basis anywhere in the record, including in Defendant's motion, to support any claims of judicial abuse or prosecutorial misconduct.

## IV. CONCLUSION

For these reasons, the undersigned RECOMMENDS that Defendant's Motion to Vacate under § 2255 [R. 45] be DENIED.

Signed July 11, 2017.

Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge